FILED
2016 AUG -5 P 3:32
US DISTRICT COURT
HARTFORD CT

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street, 25th Floor*
*New Haven, Connecticut 06510*

*(203)821-3700*
*Fax (203) 773-5376*
*www.justice.gov/usao/ct*

August 5, 2016

**VIA ELECTRONIC DELIVERY**
Robert Golger
Q&R Associates, LLC
One Post Road
Fairfield, CT 06824

Re: United States v. Jerome Clay, Sr.
Criminal No. 3:16CR152 (MPS)

Dear Attorney Golger:

This letter confirms the plea agreement between your client, Jerome Clay, Sr. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

Jerome Clay, Sr. agrees to waive his right to be indicted and to plead guilty to Count One of an Information charging him with possession with the intent to distribute, and distribution of, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The defendant understands that, to be guilty of the offense charged in Count One of the Information, the following essential elements must be satisfied:

1. From in or about January 2016 through in or about June 2016, the defendant possessed a controlled substance, *i.e.*, cocaine;

2. The defendant knew the substance he possessed was cocaine; and

3. The defendant knowingly and intentionally possessed the substance with the intent to distribute it and distributed the substance.

**THE PENALTIES**

The parties agree that the offense charged in Count One carries a maximum penalty of twenty years in prison and a maximum fine of $1,000,000. Moreover, any sentence of incarceration under this provision must also include a term of supervised release of at least three years and as much as life. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $1,000,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the date of sentencing.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h), (i) and 3612(g).

**THE SENTENCING GUIDELINES**

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Determination of Quantity

The parties agree and acknowledge that the determination of the quantity of cocaine which was part of the defendant's relevant and readily foreseeable conduct will be determined by the Court at sentencing by a preponderance of the evidence standard. The parties agree and stipulate that the quantity of cocaine that the

defendant distributed and/or possessed with the intent to distribute during the time period of January 2016 through June 2016 was at least 400 grams, but not more than 500 grams. The defendant waives any right to a jury trial or a sentencing hearing on this issue.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2D1.1(c)(9) is 22, because the quantity of cocaine involved in the offense was at least 400 grams but less than 500 grams. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 19.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 19, assuming a Criminal History Category I, would result in a range of 30 to 37 months of imprisonment (sentencing table) and a fine range of $10,000 to $100,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of at least 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further

understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 37 months of imprisonment, a five-year term of supervised release, a fine of $100,000, and a $100 special assessment even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that, by pleading guilty, he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms, and in some states, the right to vote. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the offense conduct which forms the basis for the charge in the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

AVI M. PERRY
ASSISTANT U.S. ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

Jerome Clay, Sr.
The Defendant

8-5-16
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

Robert Golger, Esq.
Attorney for the Defendant

8-5-16
Date

**STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT**

The defendant and the Government stipulate to the following offense conduct and relevant conduct that gives rise to the defendant's agreement to plead guilty to the Information:

From in or about January 2016 until in or about June 2016, the defendant, Jerome Clay, Sr., knowingly and intentionally possessed cocaine with the intent to sell it and did in fact sell cocaine to customers in and around New Haven, Connecticut. The total amount of cocaine involved in the defendant's offense was not less than 400 grams and not more than 500 grams. On or about June 23, 2016, the defendant sold cocaine laced with fentanyl to at least one customer who overdosed.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the Court in connection with sentencing.

Jerome Clay, Sr.
The Defendant

Avi M. Perry
Assistant United States Attorney

Robert Golger, Esq.
Attorney for the Defendant